**BROWN KWON & LAM LLP**
William Brown, Esq.
275 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5825
Fax: (718) 795-1642
wbrown@bkllawyers.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MELISSA HOLLOWAY,** | |
| **Plaintiff,** | |
| v. | Case No.: |
| **COX AUTOMOTIVE INC. and SEAN ARYAI** | **COMPLAINT** |
| **Defendants.** | |

Plaintiff Melissa Holloway ("Plaintiff"), by and through her undersigned attorneys, hereby files this Complaint against Cox Automotive Inc. ("Cox" or "Corporate Defendant"), and Sean Aryai ("Aryai" or "Individual Defendants" and together with Cox, "Defendants") and alleges as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), that Defendant Cox engaged in discrimination and retaliation against Plaintiff on the basis of her race and sex, and for asserting her rights to be free from discrimination including harassment. Plaintiff seeks declaratory, injunctive and equitable relief, and monetary damages, including (1) economic damages, (2) compensatory damages, (3) punitive damages, and (4) attorneys' fees and costs.

1

2. Plaintiff further alleges, pursuant to the New York State Human Rights Law, New York State Executive Law, Article 15 §§ 290 *et seq.* ("NYSHRL"), and New York City Human Rights Law, Administrative Code of the City of New York § 8-107 ("NYCHRL"), that Defendants engaged in discrimination and retaliation against Plaintiff on the basis of her race and sex, and for asserting her rights to be free from discrimination including harassment. Plaintiff seeks declaratory, injunctive and equitable relief, and monetary damages, including (1) economic damages, (2) compensatory damages, (3) punitive damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

4. This Court has supplemental jurisdiction over Plaintiff's state and local law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

*Melissa Holloway*

6. Plaintiff Melissa is an African American, female adult who resides in Queens County, New York.

7. Plaintiff was employed by Cox and, at all relevant times, met the definition of an "employee" under the applicable laws.

8. Plaintiff retained Brown, Kwon & Lam LLP to represent Plaintiff in this action.

*Cox Automotive Inc.*

9. Cox Automotive Inc. is a foreign business corporation organized under the laws of the State of Delaware with a principal executive office located at 6205A Peachtree Dunwoody Road, Atlanta, Georgia 30328 and an address for Service of Process in the State of New York at Corporation Service Company, 80 State Street, Albany, NY 12207.

10. Cox employed Plaintiff and, at all relevant times, met the definition of an "employer" under the applicable laws.

11. At all relevant times, Cox maintained control, oversight, and direction over the terms and condition of Plaintiff's employment, including, but not limited to, hiring, firing, work assignments, work schedules, payroll, timekeeping, and other employment practices.

12. At all relevant times, Cox had the power to prevent or stop any unlawful policies and practices alleged herein.

13. At all relevant times, Cox had the power to maintain employment records, including personnel files, time records, and pay records, of Plaintiff.

*Sean Aryai*

14. At all relevant times, Individual Defendant Sean Aryai was the Senior Director of Product Management and was Plaintiff's direct supervisor.

15. At all relevant times, Individual Defendant Sean Aryai was an "employer" within the meaning of the applicable laws.

16. Individual Defendant Sean Aryai subjected Plaintiff to a hostile work environment and was an "aider and abettor" within the meaning of the applicable laws.

17. At all relevant times, Individual Defendant Sean Aryai had the power to hire, fire, promote or discipline Plaintiff, and had control over the terms and conditions of Plaintiff's employment at Cox, including her assignments, work schedule, pay and responsibilities.

18. At all relevant times, Individual Defendant Sean Aryai had the power to prevent or stop any unlawful practices that harmed Plaintiff at Cox.

## ADMINISTRATIVE PROCEDURES

19. Plaintiff has complied with any and all other prerequisites to filing this action.

20. Plaintiff has exhausted the administrative requirement under Title VII of filing a charge with the Equal Employment Opportunity Commission ("EEOC"). On or about July 30, 2021, Plaintiff filed a Charge of Discrimination against Cox with the EEOC. On May 18, 2022, the EEOC issued a Notice of Right to Sue, which is attached hereto as **Exhibit A**. The instant lawsuit was initiated within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

## STATEMENT OF FACTS

21. Cox Automotive is a business unit of Cox Enterprises, and was formed in 2014 to consolidate Cox's global automotive businesses, including Kelley Blue Book, Dealertrack, Xtime, Autotrader.com and Manheim. As of 2021 Cox had an annual revenue of more than $7 billion and employed over 34,000 people.

22. Plaintiff Melissa Holloway, a Black female, holds two masters' degrees in Business Administration and Public Policy and has deep financial technology product management experience. Prior to her tenure at Cox Automotive, Melissa drove product innovation at venture-backed fintech startup, ComplySci, earning her the firm's nomination for global recognition by Waters Technology – Women in Technology & Data in 2019. Melissa also led global product development teams and drove the commercialization of various middle market and retail banking

solutions at S&P Global Market Intelligence, where she spearheaded its strategic acquisition of RateWatch in 2018.

23. Ms. Holloway was hired by Cox as the Director of Product Management on or about June 24, 2019. In this role Ms. Holloway managed product strategy, and worked closely with a team of eight engineers, known as the "scrum team" in developing automotive dealership software. Throughout most of her employment, Plaintiff primarily worked in Cox's office located at 3400 New Hyde Park Road, New Hyde Park, New York 11042, however, around six times per month, Plaintiff would perform dealership visits throughout Brooklyn and Queens.

24. Ms. Holloway was initially hired by Kelly Mulroney ("Mulroney"), the Senior Vice President of Product for DealerTrack, a wholly owned subsidiary of Cox Automotive. While Plaintiff was hired by Mulroney, she was directly supervised by Sean Aryai ("Aryai"), Senior Director of Product Management, who started working for Cox Automotive in September 2019. Upon being hired, Plaintiff was paid an annual salary of $160,000, which was increased to $165,000 in March 2020. In addition to her regular compensation, Plaintiff received various non-discretionary bonus payments.

25. Starting from the very beginning of her employment, Plaintiff found her colleagues in the all-male scrum team to be uncooperative and in some cases to be openly hostile towards her based on the fact that she was a Black woman. Just one week into her employment, a Senior Scrum Master (Project Manager), Malcom Johnson ("Johnson") told Plaintiff that he did not think she was qualified for her position that he was "friendly with leadership" and was going to "make her life difficult." Moreover, other members of the scrum team, including tech lead, Vinay Doke refused to provide Plaintiff with necessary information about ongoing projects. Johnson

consistently stood in Plaintiff's way and constantly contradicted her, including by sending harassing messages via Teams.

26. In or around August 2019, Slalom Consulting, a third-party consulting firm, was hired to perform product management transformation coaching. During individual coaching sessions Ms. Holloway raised concerns about gender and race-based discrimination, and the intentional refusal of scrum team members to cooperate/collaborate with her. These concerns were corroborated and confirmed by the Slalom coaches, and provided Plaintiff with advice on how to make these issues more visible to leadership for further action. Slalom further escalated these concerns to product leadership. In addition, Ms. Holloway complained about the discriminatory treatment directly to Kelly Mulroney, to Senior Director of Engineering, Bob D'amato, and eventually to her direct supervisor Sean Aryai who joined Cox Automotive in September 2019. These complaints were completely ignored or were dismissed as "onboarding issues" by management.

27. The issues with the scrum team continued through Fall 2019. In response, Ms. Holloway continued to complain about scrum team members, and particularly Mr. Doke's insubordinate behavior to Aryai and Doke's director, D'Amato. Rather than discipline, or even discuss the matter with Mr. Doke, Aryai simply told Plaintiff that the issues were "cultural" and that the real problem was that Ms. Holloway was "too aggressive as a woman." This became a common refrain in conversations between Ms. Holloway and Aryai, and in fact, during an October 15, 2019 Q3 "speed check" meeting, Aryai praised Plaintiff's work performance, yet criticized her for being "too aggressive" while stating that she needed to work on "shifting the perceptions of others" and "being less defensive."

28. On or around November 7, 2019, Aryai pulled Plaintiff aside to tell her that he had recommended her for a new position as "Product Operations Director" on Stacey Yaeger's team. Plaintiff, concerned that this was simply an effort to marginalize her, sought advice from her colleagues, including from Johnson, who confirmed Plantiff's suspicions, by stating that Aryai was "trying to get rid of you" and was using the "promotion" as a means to achieve that objective. Ultimately, Cox determined that Plaintiff was correctly positioned in her current role and disregarded Aryai's recommendation.

29. In mid-November 2019, Ms. Holloway complained to Kelly Mulroney regarding Aryai and the scrum team's failure to collaborate with her and Cox's refusal to address her complaints of gender bias and race discrimination. On November 27, 2019, Mulroney, Aryai, and Plaintiff met to formally discuss her complaints. Yet, still no corrective action was taken. In December 2019, Director of UX, Dee Sadler, stated that she avoided Ms. Holloway because she was "afraid [they] would get into a fight…based on things [she'd] heard from others." This comment was made in front of Aryai, Johnson, and Senior UX Architect, David Salchli. Shortly thereafter, Ms. Holloway highlighted this example of workplace discrimination to Aryai and complained that he failed to take any corrective measures to address these concerns when the comments were made. Aryai disregarded Ms. Holloway's concerns and told her to "focus on changing perceptions."

30. Following this meeting, Aryai actively sabotaged Plaintiff by interrupting in-progress work with the development team, diverting various communications between himself and key stakeholders, and inviting others, namely Bob D'Amato to do the same. This had the effect of not only blocking and delaying Plaintiff's professional development, but it also sabotaged product development, for which Aryai would later attempt to blame on Plaintiff.

31. In January 2020, Chris Voss, a White male, was promoted to Director of Product Management. Upon information and belief, this position was not offered to Plaintiff due to her race and gender and because she had complained of discrimination.

32. In February 2020, Ms. Holloway brought complaints of gender and race discrimination to Senior HR Business Associate, Katie Ford. Plaintiff stated that she felt that she was being singled out and scapegoated by Aryai and D'Amato, and that they frequently overstepped personal and material boundaries. Plaintiff also raised several incidents of sexual and racial discrimination and insensitivity that took place during a business trip in January 2020. During a dealership visit in Syracuse, NY, a Sales Associate, Jim Anderson repeatedly attempted to look down Ms. Holloway's blouse while driving together in a car. Anderson further made various disparaging remarks related to the value of women in dealerships being tied to their attractiveness, since "that is what would make a man want to purchase a vehicle." He also commented that female Compliance Officers are typically "glorified secretaries" because they were in-charge of the paper, whereas the GM (assumed to be a man) has the ultimate decision-making power. Shockingly, Ford responded, "Why are you telling me this? What do you want me to do about it?" Upon information and belief, Defendants failed to take any corrective action.

33. On or around June 4, 2020, during the height of the George Floyd protests and other incidents of racial tension, Plaintiff was asked to join a conference call with the Chief Product Officer, Marianne Johnson to express her opinions and connect across locations. On June 10, 2020, Ms. Holloway had a second call, at Ms. Mulroney's request, in which Plaintiff again expressed her feelings and raised complaints of discrimination. Plaintiff stated that she had experienced discrimination at various times through her life and in her professional career, and that it was continuing to impact her life at Cox Automotive. Plaintiff highlighted instances in which Aryai

and D'Amato singled her out, and how she felt handcuffed due to implicit and explicit gender bias. On June 17, 2020 and on July 13, 2020, Plaintiff escalated her complaints to Assistant Vice Presidents, Stacy Yaeger and Rony Maloof, respectively.

34. On August 7, 2020, during a virtual happy hour hosted by Aryai and attended by D'Amato, Senior Director of Business Development, Art Prifiti, and Senior Director of Product Management, Kat Venner, Aryai referred to a device Plaintiff used to motivate her team as an "annoying ghetto Jamaican air horn." When questioned about this statement, he offered further offensive personal anecdotes to justify his comments. When other participants to the event attempted to explain to Aryai why the statement was offensive, Aryai continued to double down and justify his comments.

35. The following day, Plaintiff reported the incident to Katie Ford, and reiterated that this was just one additional example of the hostile work environment she had previously complained about. Cox escalated the complaint to the Senior Team Member Relations Specialist (Global HR), Shannon Coates, to review the details of her complaint. Ms. Holloway sent Ms. Coates an email reiterating her complaints of discrimination, disparate treatment and hostile work environment.

36. On September 10, 2020, Coates contacted Ms. Holloway to inform her that her complaint was "unsubstantiated" and that her case file was now closed. On September 14, 2020, Ms. Holloway met with Ms. Ford to discuss moving forward. In response, Ms. Ford became upset, and said that Ms. Holloway's complaints were "unfounded" and that Plaintiff simply needed to "move on." On September 17, 2020, after discussing Ms. Holloway's complaints, the Director of Human Resources, Debbie Revell, stated she would ask for a further investigation to Ms. Holloway's complaint because Ms. Coates' investigation failed to address the August 7th incident.

Nonetheless, the next day, Ms. Coates informed Ms. Holloway that she would not investigate her complaints further.

37. On October 1, 2020, during a discussion with Aryai, Revell repeatedly told Ms. Holloway to "leave everything in the past" because her complaint was "closed." and that HR would not continue to discuss the matter. Ms. Holloway protested that moving forward was impractical if Cox was unwilling to investigate her complaints or take appropriate remedial action. Nonetheless, Revell instructed Ms. Holloway to not talk about her complaints any further.

38. The following week on October 6, 2020, Plaintiff was abruptly terminated, without explanation, on the basis of her race and gender, and in retaliation for her complaints of the same.

39. Plaintiff felt humiliated by her experiences at Cox Automotive, and suffered, and continues to suffer, from anxiety, depression, PTSD, and insomnia as result of Defendants' discriminatory retaliatory actions.

40. Due to Defendants' discriminatory and retaliatory conduct, Plaintiff continues to suffer from economic loss and emotional distress, stress and anxiety.

## STATEMENT OF CLAIMS

### FIRST CAUSE OF ACTION
### Discrimination and Retaliation in Violation of Title VII
*Against Cox Defendant*

41. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

42. Plaintiff is an employee and a protected person within the meaning of Title VII and Cox is a covered employer under Title VII.

43. Cox Defendant violated Plaintiff's statutorily protected rights under Title VII by engaging in discriminatory and retaliatory employment practices.

44. Cox Defendant discriminated against Plaintiff in violation of Title VII by subjecting Plaintiff to disparate treatment on the basis of her race and sex, and for subjecting her to a hostile work environment. Cox fostered, condoned, accepted, ratified and/or otherwise failed to prevent or to remedy discriminatory work conditions, in violation of Title VII.

45. Cox retaliated against Plaintiff on the basis of her protected activities under Title VII by terminating Plaintiff's employment after she complained about Defendants' discriminatory practices and hostile work environment.

46. As a direct and proximate result of Cox's unlawful discriminatory and retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, economic harm for which she is entitled to an award of monetary damages and other relief.

47. As a direct and proximate result of Cox's unlawful discriminatory and retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, as well as emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

48. Cox's unlawful discriminatory and retaliatory conduct was intentional, malicious, willful, and/or in reckless disregard of Plaintiff's protected rights under Title VII, for which she is entitled to an award of punitive damages.

49. Due to Cox's violations of Title VII, namely, employment discrimination on the basis of race and sex and retaliation for engaging in protected activities, Plaintiff is entitled to recover from Cox: (1) economic damages; (2) compensatory damages; (3) punitive damages; and (4) attorneys' fees and costs of bringing this action.

## SECOND CAUSE OF ACTION
## Discrimination and Retaliation in Violation of the NYSHRL
### *Against All Defendants*

50. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

51. Plaintiff is an employee and a protected person within the meaning of the NYSHRL and Defendants are covered employers under the NYSHRL.

52. Defendants violated Plaintiff's statutorily protected rights under the NYSHRL by engaging in discriminatory and retaliatory employment practices.

53. Defendants discriminated against Plaintiff in violation of the NYSHRL by subjecting Plaintiff to disparate treatment, including a hostile work environment, on the basis of her race and sex. Defendants fostered, condoned, accepted, ratified and/or otherwise failed to prevent or to remedy discriminatory and hostile work conditions.

54. Defendants retaliated against Plaintiff on the basis of her protected activities under the NYSHRL by making Plaintiff's work more difficult, increasing scrutiny, and terminating Plaintiff's employment, after she made internal complaints about Defendants' discriminatory practice and hostile work environment.

55. Individual Defendant Aryai knowingly or recklessly aided and abetted the unlawful employment practices, discrimination and retaliation committed against Plaintiff in violation of the NYSHRL.

56. As a direct and proximate result of Defendants' unlawful discriminatory and retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic harm for which she is entitled to an award of monetary damages and other relief.

57. As a direct and proximate result of Defendants' unlawful discriminatory and retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer,

severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, as well as emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

58. Defendants' unlawful discriminatory and retaliatory conduct was intentional, malicious, willful, and/or in reckless disregard of Plaintiff's protected rights under the NYSHRL, for which she is entitled to an award of punitive damages.

59. Due to Defendants' violations of the NYSHRL, namely, employment discrimination on the basis of her race and sex and retaliation for engaging in protected activities, Plaintiff is entitled to recover from Defendants: (1) economic damages; (2) compensatory damages; (3) punitive damages; and (4) attorneys' fees and costs of bringing this action.

**THIRD CAUSE OF ACTION**
**Discrimination and Retaliation in Violation of the NYCHRL**
*Against All Defendants*

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61. Plaintiff is an employee and a protected person within the meaning of the NYCHRL and Defendants are covered employers under the NYCHRL.

62. Defendants violated Plaintiff's statutorily protected rights under the NYCHRL by engaging in discriminatory and retaliatory employment practices.

63. Defendants discriminated against Plaintiff in violation of the NYCHRL by subjecting Plaintiff to disparate treatment, including a hostile work environment, on the basis of her race and sex. Defendants fostered, condoned, accepted, ratified and/or otherwise failed to prevent or to remedy discriminatory and hostile work conditions.

64. Defendants retaliated against Plaintiff on the basis of her protected activities under the NYCHRL by making Plaintiff's work more difficult, increasing scrutiny, and terminating

13

Plaintiff's employment, after she made internal complaints about Defendants' discriminatory practice and hostile work environment.

65. Individual Defendants knowingly or recklessly aided and abetted the unlawful employment practices, discrimination and retaliation committed against Plaintiff in violation of the NYCHRL.

66. As a direct and proximate result of Defendants' unlawful discriminatory and retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, economic harm for which she is entitled to an award of monetary damages and other relief.

67. As a direct and proximate result of Defendants' unlawful discriminatory and retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, as well as emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

68. Defendants' unlawful discriminatory and retaliatory conduct was intentional, malicious, willful, and/or in reckless disregard of Plaintiff's protected rights under the NYCHRL, for which she is entitled to an award of punitive damages.

69. Due to Defendants' violations of the NYCHRL, namely, employment discrimination on the basis of her race and sex and retaliation for engaging in protected activities, Plaintiff is entitled to recover from Defendants: (1) economic damages; (2) compensatory damages; (3) punitive damages; and (4) attorneys' fees and costs of bringing this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. An award of damages against Defendants, in an amount to be determined at trial, to compensate Plaintiff for all monetary and/or economic damages, including loss of past and future income, compensation and benefits;

b. An award of damages against Defendants, in an amount to be determined at trial, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her mental anguish and emotional distress;

c. An award of punitive damages against Defendants, in an amount to be determined at trial;

d. Pre-judgment and post-judgment interest;

e. An award of fees and costs that Plaintiff has incurred in this action, including but not limited to reasonable attorneys' fees and expert witness fees;

f. A declaratory judgment that the actions, conduct and practices of Cox complained of herein violate Title VII;

g. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the NYSHRL and NYCHRL;

h. An injunction and order permanently restraining Defendants and their partners, officers, owners, agents, successors, employees and/or representatives and any and all persons acting in concert with them, from engaging in any such further unlawful conduct, including the policies and practices complained of herein; and

i. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  August 10, 2022                Respectfully submitted,

                                           **BROWN, KWON & LAM LLP**

                            By:     */s/ William Brown*

                                            William Brown, Esq.
                                            521 Fifth Avenue, 17th Floor
                                            New York, NY 10175
                                            Tel.: (212) 295-5825
                                            Fax: (718) 795-1642
                                            wbrown@bkllawyers.com
                                            *Attorneys for Plaintiff*

# EXHIBIT A

| EEOC Form 161-B (01/2022) | **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** |
|---|---|

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Melissa L. Holloway**<br>**221 Tinton Place**<br>**EAST NORTHPORT, NY 11731** | From: | **New York District Office**<br>**33 Whitehall St, 5th Floor**<br>**New York, NY 10004** |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2021-00057** | **D. Young,**<br>**Investigator** | **(929)506-5309** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

- Less than 180 days have elapsed since the filing date. I certify that the Commission's processing of this charge will not be completed within 180 days from the filing date.

- The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By:Judy Keenan
05/18/2022

Enclosures(s)

**Judy Keenan**
**District Director**

cc:  **Elliott Friedman**
     **Cox Automotive**
     elliott.friedman@coxinc.com

     **William Brown**
     **Brown, Kwon & Lam, LLP**
     wbrown@bkllawyers.com